## GAGE v. GAGE.

A junior mortgagee agreed that if the amount of the debt was paid on a prior mortgage, covering also another tract, which he owned, he would either make a deed, or assign his certificate of sale; his mortgage being then in process of foreclosure. The junior mortgagor's administrator negotiated a sale in the interest of the estate, and the prospective purchaser executed a mortgage on the land to the blanket mortgagee to secure notes given in payment in addition to a small cash payment. The aggregate of notes and cash, which equaled the amount of the junior mortgage, was indorsed on the blanket mortgage notes by the blanket mortgagee, and the new notes were left with the administrator until the junior mortgagee should perfect title to the land. When the notes were made, the administrator desired that the junior mortgagee should get his sheriff's deed and convey that title. The blanket mortgagee declined to accept the notes because he was not assured that the former would give a quitclaim deed to the purchaser, and this the junior mortgagee subsequently refused to do, save on a condition with which the purchaser refused to comply. Afterwards the blanket mortgagee erased his indorsement on the notes, and proceeded to foreclose the blanket mortgage. *Held,* that the indorsement was conditional, and therefore it was not a payment on the blanket mortgage which fixed the junior mortgagee's liability to make a conveyance.

(Opinion filed Nov. 18, 1898.)

Appeal from circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge.

Action by Eugene S. Gage against Luther S. Gage. There was a judgment for defendant, and an order denying a new trial, and plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Joe Kirby* and *F. L Rowland,* for appellant.

*Davis, Lyon & Gates,* for respondent.

CORSON, P. J. The findings and judgment were in favor of the defendant, and the plaintiff appeals. The material allegations in the complaint necessary to be noticed are that the defendant, who held a real estate mortgage upon a certain tract of land, on which there was due $1,160, and which he was then foreclosing, agreed with the plaintiff that if he would pay that amount to one Johnson, who held a mortgage on a larger tract, including the tract so mortgaged to the defendant, or assume the same, he would transfer to plaintiff his certificate of sale, or, in case he received a sheriff's deed, he would convey the property to the plaintiff; and plaintiff alleged that he had paid Johnson that sum. The court finds by his fourth finding: "(4) That the allegations of Paragraph 4 of the complaint are not sustained by the proofs, and that the contract or agreement therein set forth is not established or proved, and therefore no agreement is found by the court." This finding was excepted to, and the correctness of the court's finding is the only question to be considered. The essential facts in the case are practically undisputed, and, briefly stated, are as follows: In 1891 the defendant, Luther S. Gage, was the owner of a tract of land in Minnehaha county, subject to a mortgage to one Johnson for $1,700, and in October of that year he sold and conveyed to one W. A. Gage "a part of said premises; and, to secure a portion of the purchase price, the said W. A. Gage" and his wife, Annie, executed a mortgage upon the part so purchased, to said defendant, for $1,000. In 1895 the said W. A. Gage died, leaving his wife, Annie, and minor children; and at the time of his death both mortgages were still outstanding and unsatisfied. James B. Clark was appointed administrator of his estate; and said Clark, in order to save something out of the estate for the

widow and children, had an interview with the defendant, in which it was arranged that if Clark could sell the interest of the estate, and pay upon the Johnson mortgage the amount coming to him (the defendant) on his $1,000 mortgage, he would assign his certificate of sale that he then had, on foreclosure of his mortgage, or convey his interest, if he received a deed on his certificate of sale   Mr. Clark thus states the agreement: "I talked with the defendant about it.   I asked him, in case I made a sale of the land, whether we could perfect the deed under this foreclosure which he was making of his mortgage on the land, either by getting an assignment of the certificate, or having him go ahead and get a sheriff's deed, and he deed it.   He said, if I could arrange to sell the land, and pay the amount of money to Mr. Johnson; he would cancel his mortgage, and that it would be a good way out of it.   Mr. Gage told me I could pay Mr. Johnson the amount that was coming to him on his mortgage certificate of sale, and that it would be satisfactory to him.   He wanted Johnson, when he received it, to apply it on the blanket mortgage which he held against the defendant on both pieces of land.   As a result of this proceeding, I had a conversation with the plaintiff in the fall of 1896, I communicated to the plaintiff the statement made by the defendant; and on December 16, 1896, the plaintiff made a mortgage to Mr. Johnson for $1,000, and paid him $160, and he indorsed this sum of $1,160 on the back of the old notes.   He then left these new notes with me until the elder Luther Gage should come in and perfect the title, and I have them yet for Mr. Johnson."   Mr. Johnson thus states what occurred in connection with himself:   "I received $160 on December 16, 1896. The money was paid me by the plaintiff.   There was made out

at that time $1,000, in five notes, and a mortgage on the same
land to be paid in one, two, three, four and five years, to com-
plete the deal. I asked him if the papers were recorded for
the title to the land. I told the party we had Letter go down
to the sheriff, or whoever was the proper party, and make a
record of this; and Mr. Clark, the administrator, objected to it.
He got advice from his lawyer that it would be better to let L. S.
Gage take out a sheriff's deed. I said, 'I don't know if you can
compel him to give a quitclaim deed, and, under these circum-
stances, I cannot accept these notes.' Then, about the middle of
January, the plaintiff, defendant, L. E. Gage, and myself had a
talk on the street near the Cataract House; and I asked the de-
fendant if it was not better to settle this matter up, so as to
complete the deal. He was to give a quitclaim deed. 'Well,'
he said, 'I will do that, if the other party will give me a quit-
claim deed or release to one-half of the lake bed.' On that con-
dition he would give the deed. They did not agree to that.
The defendant was not present at the time the indorsement was
made on December 16, 1896. I think the defendant and I talked
somewhat about the matter before that, and he never gave me
a special answer to it. I never heard any conversation between
plaintiff and defendant and L. E. Gage in relation to 'this mat-
ter, except when we were down there in front of the Cataract
House." When Johnson ascertained that the defendant would
not perfect the title, he erased his indorsement of the payment
of $1,160 on his note, and proceeded to foreclose his $1,700
mortgage. The indorsement was clearly conditional upon the
title being perfected. It will thus be seen that there was no
agreement on the part of the defendant to transfer his certi-
ficate, or convey by deed, except upon the payment of $1,160

to Johnson.  This sum was never paid to Johnson.  A conditional agreement was made with Johnson in regard to it, but, as the defendant never assented to it, the payment was not in fact made.  Taking the most favorable view for the plaintiff, and assuming, without deciding, that the alleged contract between Clark and defendant was a valid and binding contract, of which the plaintiff could avail himself, yet, it not having been executed on the part of the plaintiff by the payment of $1,160 to Johnson, it cannot be enforced as against the defendant in this action,  The payment of the $1,160 was a condition precedent to plaintiff's right to the relief sought in this action.  The defendant had not agreed to do any act until that $1,160 was in fact paid to Johnson, and applied upon the $1,700 mortgage.  It was only when that sum was paid, and properly indorsed upon his note and mortgage to Johnson, and the defendant was properly advised of that fact, and a proper demand made, that he could be required to carry out the terms of the contract on his part.  The learned circuit court therefore correctly found that the contract alleged was not proven.  The judgment and order denying a new trial are affirmed.